IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAURA A. KLOIBER, <br> 15208 W 152d Street <br> Olathe, KS 66062 <br><br> Plaintiff, <br><br> v. <br><br> FEDEX GROUND PACKAGE SYSTEMS, INC, <br> Serve Person in Charge <br> 30 FedEx Parkway <br> 2d Floor Horizontal <br> Collierville, TN 38017 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Laura A. Kloiber, for her Complaint against Defendant FedEx Ground Package Systems, Inc., states as follows:

1. Plaintiff Laura Kloiber is a female citizen of the State of Kansas, residing in Olathe, Kansas.

2. Defendant FedEx Ground Package Systems, Inc., is a corporation organized under the laws of the state of Delaware, headquartered at the address above and is operating in the state of Kansas.

3. This case arises under Title VII of the Civil Rights Act, as amended, 42 U.S.C. §2000e, *et seq.*, (Title VII), making jurisdiction proper in this court.

1

4. Venue is proper within this district under 28 U.S.C. § 1391(a) in that the employment practices hereinafter alleged to be unlawful were committed in this judicial district.

5. Plaintiff was subjected to sexual harassment in violation of Title VII, 42 U.S.C. § 2000e-2, by Defendant.

6. At all times relevant to this action, Defendant has employed fifteen or more employees and is therefore an employer as defined in Title VII, 42 U.S.C. § 2000e(b).

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the unlawful employment practices complained of herein.

8. Plaintiff received a Notice of Right to Sue, dated January 16, 2020, from the EEOC and this Complaint is filed within 90 days of receipt of that letter.

## COUNT I – SEXUAL HARASSMENT

9. Plaintiff incorporates preceding paragraphs as if fully set forth herein.

10. Plaintiff worked for defendant from March 27, 2017 until she was forced to resign on October 18, 2019. She was most recently employed by Defendant as an Operations Manager. She performed her job to the best of her ability and satisfactorily met the legitimate job expectations of her employer.

11.   During her employment, Plaintiff was subjected to a continuous pattern of sexual harassment by a female coworker. This conduct was ongoing and severe and pervasive and included unwanted, inappropriate, and unwelcome sexual comments.

12.   This included the coworker making sexual comments about plaintiff, spreading rumors about plaintiff having relationships with a number male coworkers, unwanted touching, and inappropriate comments about sex, plaintiff's looks and plaintiff's body. The coworker also made physical threats towards plaintiff. Finally, plaintiff was subjected to unfair treatment because of her gender including unequal pay, unfair discipline, and other actions.

13.   But for Plaintiff gender, she would not have been subjected to the sexual harassment described herein.

14.   The sexual harassment described in this Complaint was severe, pervasive, unwelcome, and affected the terms, conditions, and privileges of Plaintiff's employment and constituted an unreasonable interference with Plaintiff's work in violation of Title VII.

15.   Defendant knew or should have known of the the harassment because of plaintiff repeated complaints. Plaintiff complained in February 2019 and again in June 2019, August 2019 and September 2019. The comments and harassing conduct continued.

16. Upon information and belief, defendant failed to prevent or remedy sexual harassment. After the September complaint it became clear that defendant would not remedy the sexually hostile work environment or the harassment directed at plaintiff because of her gender.

17. On October 18, 2019, plaintiff was forced to resign because of the ongoing sexual harassment.

18. As a direct and proximate result of the unlawful practices of defendant, Plaintiff has sustained damages in the form of lost salary, emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

19. Defendant acted with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to an additional amount as punitive damages in such sum that will serve to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. For compensatory damages including backpay and damages for Plaintiff's emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish, in a reasonable amount to be determined at trial;

b. For an award of punitive damages in a reasonable amount to be determined at trial;

  c. For an award of reasonable costs and attorney's fees; and

  d. For such equitable and other relief as the Court deems just and necessary.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests that the trial of this case be held in Kansas City, Kansas.

        **THORNBERRY BROWN, LLC**

      By: /s/Stephen C. Thornberry
        Stephen C. Thornberry KS #17494
        *steve@ThornberryBrown.com*
        Randall W. Brown KS #17905
        *randy@ThornberryBrown.com*
        4550 Main Street, Suite 205
        Kansas City, Missouri 64111
        (816) 531-8383 *telephone*
        (816) 531-8385 *facsimile*
        ATTORNEYS FOR PLAINTIFF